UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Jade Solis,** a single woman; **Rachel Corella** individually and on behalf of her minor children **Jenna Solis** and **Madison Solis; Geroldo Quiroz,** a single man; **Justo Solis,** a single man; | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 4:10-cv-484-TUC-DCB |
| **Bridgestone Corporation,** a Japanese Corporation; **Bridgestone Americas, Inc.,** a Nevada Corporation; **Bridgestone Americas Tire Operations, LLC,** a Delaware Limited liability company; **Wal-Mart Stores, Inc.,** a Delaware Corporation; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**PLAINTIFFS' RULE 45 MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH DEFENDANT BRIDGESTONE AMERICA'S SUBPOENA DIRECTED TOWARDS CARLSON ENGINEERING**

Plaintiffs file this Motion and Memorandum of Law requesting that this Court quash the subpoena served on Carlson Engineering c/o Dennis Carlson. In support of this request, the Plaintiffs show the Court as follows:

1. On December 3, 2010, Defendant Bridgestone Americas, Inc., served a civil subpoena on Carlson Engineering c/o Dennis Carlson. (See Subpoena attached hereto as Exh. A). The subpoena requests Carlson Engineering to produce:

> 1. An updated professional resume and/or Curriculum Vitae; 2. Your complete file on this matter together with all photographs, videotapes, notes, materials, diagrams, sketches, evaluations,

reports, and any and all materials sent to and received from Plaintiffs counsel; 3. All articles, treatises, books, publications, materials and documents which you have reviewed, relied upon, or considered authoritative in arriving at your opinions in this case; 4. Copies of all documents, literature, publications, brochures, magazine articles, etc. which show and/or describe the product and equipment at issue in this case; 5. All models, illustrations, or other exhibits or documents of any kind which you intend or contemplate using to explain, illustrate or support your testimony at trial; 6. All governmental standards, private standards and guidelines which you believe support your opinions or conclusions in this case; 7. Your billing records and time sheets in this case; 8. A listing of all testimony you have provided, in deposition or trial, in the last five (5) years, providing the date, case name, court, attorney who retained you, and specification of whether a deposition or trial testimony was provided; 9. All raw data derived from tests conducted in connection with this matter.

Carlson Engineering was requested to produce the above information by December 22, 2010. By agreement of the parties, the Bridgestone Defendants allowed Plaintiffs and/or Carlson Engineering until December 29, 2010 to object to the subpoena or comply.

2. Mr. Carlson is an engineer with whom Plaintiffs have consulted concerning this case. Plaintiffs have not determined as of the filing of this motion whether Mr. Carlson will be designated as a testifying expert at the trial of this matter. Plaintiffs, pursuant to this Court's Scheduling Order, have until August 1, 2011 to designate experts who will testify at trial and provide the Defendants with Rule 26 reports. The Federal Rules prohibit discovery from experts who are not designated as "testifying" experts. Fed. R. Civ. P. 26 (b)(3). Bridgestone's attempt to obtain the information contained in its subpoena directed towards Carlson Engineering is inappropriate and not permitted under Rule 26 as it seeks information which is privileged because Dennis

Carlson is a consulting expert who has not been designated by Plaintiffs to testify at the trial of this matter.

3. Fed. R. Civ. P. 45 (a)(3) requires that upon timely motion, the Court must quash a subpoena if it requires disclosure of privileged or other protected matters. When an expert serves as a litigation consultant, materials reviewed or generated by that expert are privileged not discoverable. *S. Yuba River Citizens League v. National Marine Fisheries Service, 257 F.R.D. 607 (E.D. Cal. 208).*

4. Plaintiffs certify that they have attempted to resolve this discovery dispute pursuant to the local rules, but Defendant Bridgestone insist on obtaining the non-discoverable information from Carlson Engineering. As such, Plaintiffs request this Court quash Defendant's subpoena pursuant to Fed. R. Civ. P. 45.

WHEREFORE, the premises considered, Plaintiffs respectfully request this Court enter an Order quashing the subpoena served upon Carlson Engineering c/o Dennis Carlson.

DATED this 29th day of December, 2010.

/s/ **Richard D. Morrison**
RICHARD D. MORRISON (admitted *Pro Hac Vice*)
*Attorney for Plaintiffs*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama  36103-4160
Phone:  334-269-2343
rick.morrison@beasleyallen.com

Barry L. Bellovin
M. David Karnas
BELLOVIN & KARNAS, P.C.
131 East Broadway Blvd.

Tucson, AZ 85701
Phone: 520-571-9700
bellovin7@msn.com
karnas@bellovoinkarnas.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, a copy of the foregoing has been transmitted electronically to the CM-ECF filing system for filing and transmittal along with copies transmitted to the following parties via the CM-ECF filing system.

Matthew D. Kleifeld, Esq.
Robert C. Ashley, Esq.
KUNZ, PLITT, HYLAND, DEMLONG & KLEIFIELD
3838 North Central Ave, Suite 1500
Phoenix, AZ 85012
*Attorneys for Defendants Bridgestone Americas, Inc.*
and *Bridgestone America Tire Operations, LLC*

Craig W. Phillips, Esq.
Lewis & Roca, LLP
40 North Central Ave, 19th Floor
Phoenix, AZ 85004
*Attorney for Defendant Wal-Mart Stores, Inc*

/s/ **Richard D. Morrison**
RICHARD D. MORRISON (admitted *Pro Hac Vice*)
*Attorney for Plaintiffs*