**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jade Solis, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CV-10-484-TUC-DCB |
| v. | ) |
| | ) |
| | ) **ORDER** |
| Bridgestone Corporation, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendant Wal-Mart's Motion to Exclude Expert Witness Carlson (Doc. 240) and Defendant Wal-Mart's (joined with Bridgestone) Motion to Exclude Expert Witnesses Roughan and Pangarkar (Doc. 290) are before the Court.

**SUMMARY**

Defendant Wal-Mart moves (Doc. 240) to exclude the opinions of Plaintiffs' expert witness Dennis Carlson. Carlson will testify that Wal-Mart breached its duty to Plaintiff by installing Plaintiffs' spare tire, due to the tire's age; that excessive aging accelerated by design and manufacturing defects was a causative factor in the tire's failure; and that Wal-Mart should have warned Plaintiff Rachel Corella regarding her tire's age prior to installing it.

Defendant Wal-Mart also joined in Defendant Bridgestone's motion (Doc. 290, 293) to exclude Plaintiffs' newly disclosed expert, Jan Roughan, and to also exclude any reference to Sanjog Pangarkar, M.D. The Court previously permitted Plaintiffs to retain and disclose a

replacement life care planner due to the death of their previous expert, Betty June Scira. Rather than replace the life care plan opinions of Betty Scira based upon the same medical record available to Ms. Scira, Plaintiffs seek a wholesale replacement of the underlying medical record in this case to support a grossly inflated life care plan. As such, Plaintiffs' new life care expert should not be permitted to testify or otherwise provide opinions, and any reference to Plaintiffs' newly retained physician should be barred as well. No prejudice will accrue, as Plaintiffs can still present the life care plan of Ms. Scira supported by the testimony of Ms. Solis' treating physicians.

**Standard of Review**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 (Rule 702). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

When specialized knowledge will assist the trier of fact to understand the evidence in a case, Rule 702 permits testimony by experts with the knowledge, skill, experience, training, or education necessary to testify thereto, as long as their testimony meets these several requirements. Fed.R.Evid. 702.

The role of the trial judge is to act as a gatekeeper, ensuring that only relevant and reliable testimony is admitted. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993) (Daubert I); *see also Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999). Accordingly, the

court must conduct a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert I,* 509 U.S. at 592–93. "Pertinent evidence based on scientifically valid principles will satisfy those demands." *Id.* at 597.

In *Daubert I,* the Supreme Court listed several key considerations to aid the trial court in its gatekeeping role. The trial court should consider: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or subjected to peer review; (3) the potential or known error rate; and (4) whether the theory or technique has gained general acceptance in the pertinent field. *Daubert I,* 509 U.S. at 592–94.

The court's Rule 702 analysis is flexible. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150 (1999). The court may consider any or all of the *Daubert I* factors, depending on the "particular circumstances of the particular case at issue." (*Id.*)

The trial court may dismiss testimony that is either irrelevant or unreliable. *See Stilwell v. Smith & Nephew, Inc.,* 482 F.3d 1187 (9th Cir.2007). In evaluating the expert's testimony, the court must focus on the principles or methodology involved, not the conclusions that they generate. *Daubert I,* 509 U.S. at 595. Thus, "the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Daubert v. Merrell Dow Pharms., Inc.,* 43 F.3d 1311, 1318 (9th Cir.1995) (*Daubert II*). "Ultimately, the court must ensure that an expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field," such that

the expert's "work product amounts to 'good science.' " *McClellan v. I-Flow Corp.,* 710 F.Supp.2d 1092, 1100 (D.Or.2010) (*quoting Kumho,* 526 U.S. at 152 and *Daubert II,* 43 F.3d at 1315). The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert v. Merrell Dow Pharm., Inc.* ("*Daubert II*"), 43 F.3d 1311, 1318 (9th Cir. 1995)). Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony–they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id*. (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Under Rule 702, the party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence. *Daubert I*, 509 U.S. at 592 n.10. The Ninth Circuit Court of Appeals has observed that the Supreme Court "heavily emphasizes that judges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire*, 526 U.S. at 152). The court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the

probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998) (citations omitted).

## DISCUSSION

This Court will apply the Ninth Circuit interpretation and application of Fed.R.Evid. 702.

**A.  Expert Carlson**

Defendants argue for excluding Carlson's expert opinions, as follows:

> Carlson has insufficient scientific, technical or other specialized knowledge regarding tire aging to advise the jury. F.R.E. 702 (a). Carlson's testimony regarding aging flies in the face of multiple, reputable studies which have held that it is impossible to specify an exact age at which a tire will fail, and Carlson has not provided any testimony based on sufficient facts or data, or produced by reliable principles and methods, which could contradict the existing studies regarding aging. F.R.E. 702 (b) & (c). Carlson also blatantly misrepresents the position of the tire industry regarding aged tires, which he effectively conceded in deposition. *Id*. Finally, Carlson has not conducted any tests to determine the interaction (if any) between the natural life cycle of a tire and the various accelerated aging causes due to manufacturing and design defects also identified in his expert report, nor does he present any explanation regarding such interaction. F.R.E. 702 (d). Carlson presents no data regarding the decline of safety in the Plaintiffs' tire, nor does he provide a date range within which it was unsafe and unreasonable for Wal-Mart to mount the tire, meaning that Carlson has not reliably applied scientific principles and methods to the facts of this case. *Id*.

(Doc. 240 at 1-2.)

Plaintiffs offer Carlson as an expert witness on causation. If the Court determines that a duty existed, then Carlson's opinions on causation are relevant and he is qualified to render those opinions, subject to cross-examination.

**B.  Experts Roughan and Pangarkar**

The opinions of these experts go to damages. Defendant argues that:

> Dr. Pangarkar is a medical expert whom Plaintiffs were required to disclose months previously, his opinions must be excluded. Ms. Roughan's life care plan opinions are inseparable from the medical opinions of Dr. Pangarkar upon which they rely, and thus her opinions and testimony must be excluded from this matter as well. In addition, exclusion is an appropriate sanction for Plaintiffs' abuse of this Court's discovery order, and will not prejudice Plaintiffs because they can rely upon their former life care plan and the testimony of Ms. Solis' treating physicians.

(Doc. 290 at 9-10.)

Plaintiffs argue that Jan Roughan was properly and timely disclosed as the new life care planner. Plaintiffs also assert that Dr. Pangarkar consulted with Ms. Roughan but he is not going to testify at trial or be called as an expert witness and is not a treating physician. He was consulted with by Roughan as a rehabilitation doctor. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceutical*, 509 U.S. 579, 596 (1993).

Questions related to the bases and sources of an expert's opinion rather than its admissibility should be left for the consideration of the finder of fact and these questions affect the weight to be assigned to an expert's opinion rather than its admissibility.

## CONCLUSION

In sum, Plaintiffs' expert Carlson is well-qualified to testify. His opinions satisfy the requirements for reliability and relevance for admissibility under Fed.R.Evid. 702. Defendant's arguments primarily go to weight not admissibility. In addition, the life care expert is qualified and satisfies the requirements of Fed.R.Evid. 702, as well. The Court will sustain objections to the introduction of cumulative evidence.

6

Accordingly,

IT IS ORDERED that the motions to exclude expert witnesses (Docs. 240, 290) are DENIED without prejudice.

DATED this 2nd day of April, 2013.

David C. Bury
United States District Judge